LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys at Law
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone    (671) 477-8064
Facsimile    (671) 477-5297

*Attorneys for Defendant John Troy Santos*

FILED
DISTRICT COURT OF GUAM
OCT -7 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN TROY SANTOS<br><br>Defendant. | CRIMINAL CASE NO. 05-000016<br><br>AMENDED REPLY OF DEFENDANT JOHN TROY SANTOS TO PRESENTENCE INVESTIGATION REPORT |

As the Probation Officer appropriately notes in ¶ 36 of the Presentence Investigation Report (PSR), the United States Sentencing Guidelines (USSG) are only advisory and non-binding upon the sentencing Judge. *United States v. Booker* (2004), 125 S. Ct. 738, 757-757. By striking down provisions of the federal sentencing statute, *Booker* allows the sentencing court to consider the Guidelines ranges while tailoring a sentence in light of other statutory concerns.

The Probation Officer has set out a generally accurate record of facts related to this prosecution in the PSR. But the cold facts do not provide an adequate basis for this Court to determine the sentence that should be imposed on this Defendant.

To begin with, the Defendant has cooperated with the government since the moment he was arrested with his co-defendants in a hotel room after having met with the government's Confidential Informant about the possible purchase of "ice." PSR ¶¶ 20, 22.

The government, in adopting the PSR in its statement filed September 22, 2005, acknowledges the Defendant's cooperation by moving for a one-level downward departure

because of the Defendant's having given timely notice of his intent to plead guilty [USSG § 3E1.1(b)] and by advising that the government will move for a downward departure due to the Defendant's Substantial Assistance. The government accepts the PSR calculation that the appropriate Guidelines range is 34 and that the one-level downward departure for early notice of the intent to plead guilty would reduce the Guideline range to 33.

It is with the Probation Officer's calculation of the Guideline range that the Defendant respectfully disagrees.

At ¶ 37 of the PSR, the Probation Officer commences her calculations with a base Offense Level of 38, citing USSG § 2D1.1. While USSG § 2D1.1 is the appropriate starting point in this case, it has not been applied in all of its ramifications. Because this Defendant should receive a Mitigating Role adjustment under USSG § 3B1.2, his base Offense Level should be decreased by 4 by virtue of USSG 2D1.1(a)(3).[1] Applying the 4-level reduction makes the base Offense Level 34 before taking into consideration other reductions that may be appropriate to the case.

To be eligible for the USSG § 3B1.2 Mitigating Rule adjustment, the Defendant must be determined to be either a "Minimal Participant" or a "Minor Participant." If the former, his Offense Level is reduced by 4, if the latter his Offense Level is reduced by 2. For cases falling in between Minimal and Minor, the allowed reduction is 3 levels.

The PSR supports the proposition that the Defendant had a "tag-along" role in the incidents that led to the indictment. Co-defendant Duane Calvo is clearly identified as the person

---

[1] USSG 2D1.1(a)(3): The offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (a) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is ... (iii) level 38, decrease by 4 levels.

---

*USA v. John Troy Santos*
Criminal Case No. 05-000016

*Defendant John Troy Santos Reply to Presentence Investigation Report*

who conceived and organized the scheme to purchase "ice." According to PSR ¶ 14, the Confidential Informant contacted the DEA and stated that Calvo was the person who wanted to buy the drug. At PSR ¶ 15, it is Calvo who is identified as the person who would provide the $5,000 down payment for the "ice." At PSR ¶ 16, it is noted that DEA agents met with the Confidential Informant at the Holiday Inn Hotel "in preparation for the purchase of 'ice' by Calvo." At PSR ¶ 17 the Confidential Informant gives Calvo notice by telephone that the drug is ready for him to purchase. At PSR ¶¶ 18 and 19, the Confidential Informant again makes contact with Calvo and is quoted as saying that he or she told his or her source for the drugs that it was Calvo who was supplying the money for the purchase. At PSR ¶ 20, it is Calvo who is asked by the Confidential Informant what his selling price will be for the drug on the street. Throughout the PSR, all of the Confidential Informant's dealings are with Calvo, not with the Defendant.

Although it may be considered self-serving, at PSR ¶ 23 the DEA officers note that they learned from the Defendant that "Duane [Calvo] was the primary negotiator of the deal to purchase the drugs." But this assertion by the Defendant is at least tangentially supported by PSR ¶ 27 where Raymond Calvo, the third person arrested and the brother of Duane Calvo, is reported to have told the DEA agents that it was Duane Calvo who "asked him if he was interested in making a lot of money."

If treated as a Minimal Participant, the Defendant's Guideline base level is 34 under USSG 2D1.1(a)(3)(iii). He is entitled to the further benefit of 4-level reduction for being a Minimal Participant because the Guidelines allow credit for both reductions. This is provided for by Comment 6 to USSG § 3B1.2 (Mitigating Role):

> *Application of Role Adjustment in Certain Drug Cases.*—In a case in which the court applied § 2D1.1 and the defendant's base offense level under that guideline

*USA v. John Troy Santos*
Criminal Case No. 05-000016

*Defendant John Troy Santos Reply to Presentence Investigation Report*

*was reduced by operation of the maximum base offense level in § 2D1.1(a)(3), the court also shall apply the appropriate adjustment under this guideline.*

On the basis of the level reductions allowed to the Defendant by USSG § 2D1.1(a)(3)(iii) and his status as a Minimal Participant, the initial Offense Level is 30.

By its filing of September 22, 2005, the government has recognized that the Defendant is also entitled to a 3-level reduction for Acceptance of Responsibility under USSG § 3E1.1. The Defendant's Offense Level Total then becomes 27; because he has no prior convictions, his Criminal History Category is I. On the Sentencing Table, the Guideline Range for Offense Level 27, Criminal History Category I, is 70-87 months.

At the every least, in light of his cooperation from the outset, the Defendant should be sentenced to no more than the minimal range of the Guideline formula. But given the government's promise of a motion for Substantial Assistance under USSG § 5K1.1 and the enlightened holding in *Booker, supra*, that the Guidelines are advisory and not mandatory, the Court in this case is free to impose a sentence that while reflective of the seriousness of drug trafficking crimes, takes into consideration that this is a first offense committed by an individual who has not only given Substantial Assistance to the government, but has also exhibited deep remorse for his actions.

The Commentary accompanying USSG § 5K1.1 seems to almost have anticipated the *Booker* decision. Application Note 3 of the Commentary provides:

> *Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.*
>
> *<u>Background:</u> A defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor. The nature, extent, and significant of assistance can involve a*

---

Page 4 of 6

*USA v. John Troy Santos*
Criminal Case No. 05-000016

*Defendant John Troy Santos Reply to Presentence Investigation Report*

*broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant facts, including those listed above. The sentencing judge must, however, state the reasons for reducing a sentence under this section. 18 U. S. C. § 3553(c). The court may elect to provide its reasons to the defendant in camera and in writing under seal for the safety of the defendant or to avoid disclosure of an ongoing investigation.*

In fashioning an appropriate sentence for the Defendant, the Court must carefully weight the "variable relevant facts" pertinent to the offense inasmuch as the PSR concludes, "[T]he Probation Officer has no information concerning the offense of the defendant which would warrant a departure from the Sentencing Guidelines." While the pertinent information may not have been disclosed to the Probation Officer, it is obvious from the government's promise to file a Motion for a Downward Departure for Substantial Assistance that the government possesses credible evidence that warrants further downward departure. The government's Motion will satisfy the Court's need for substantiation that warrants its granting a significant further downward departure from Offense Level 27. *United States v. Udo* (9th Cir. 1992), 963 F. 2d 1318, 1319 (once government makes motion, court can depart downward more than government recommends); *United States v. King* (3rd Cir. 1995), 53 F. 3d 59, 590-92 (when departing downward, court must evaluate the defendant's cooperation on an individualized basis and cannot engage in mechanical reduction of only three levels).

Dated: October 7, 2005.  Respectfully submitted,

LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP

*/s/ Peter C. Perez/*

---
Peter C. Perez, Esq.
**Counsel for John Troy Santos**

---

Page 5 of 6

*USA v. John Troy Santos*
Criminal Case No. 05-000016

*Defendant John Troy Santos Reply to Presentence Investigation Report*

# DECLARATION OF SERVICE

I certify that I have caused to be served upon the following on October 7, 2005, a copy of the foregoing Reply to Presentence Investigation Report of John Troy Santos:

**Office of the United States Attorney**
500 Sirena Plaza
108 Hernan Cortez Street
Hagåtña GU 96910

**Rawlen M. T. Mantanona**
**Cabot & Mantanona**
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning GU 96913

**Office of the Federal Public Defender**
501 First Hawaiian Bank Building
400 Route 8
Mongmong GU 96t910

_____
Peter C. Perez, Esq.